STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT R. PARKER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1018** (BOR Appeal No. 2048390)
                     (Claim No. 940025982)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**WOLF WELDING & CERAMIC LINING, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Robert R. Parker, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed a May 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed, in part, and reversed, in part, the claims administrator's January 7, 2013, decision which ordered that Mr. Parker be weaned and tapered from the medications Tramadol and Sertraline and authorized the medications for another sixty days only. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Parker, a mechanic, injured his lower back in the course of his employment on November 29, 1993, while lifting a metal pipe. The evidentiary record indicates that the claim was held compensable for the lumbar spine; however, it is unclear what specific condition or conditions were held compensable. Mr. Parker was treated by Mark Franz, D.O., for pain and depression related to his disability. Dr. Franz opined in a May 30, 2008, letter that the medication Sertraline was necessary in order to treat Mr. Parker's depression.

Mr. Parker underwent two independent medical evaluations by Richard Kaplan, M.D., in order to determine the necessity of further treatment. On May 10, 2010, Dr. Kaplan diagnosed a resolved lumbar sprain with no symptoms or findings attributable to the compensable injury. It was therefore determined that no further treatment was necessary. On July 19, 2012, Dr. Kaplan opined that Mr. Parker's current complaints are unrelated to his compensable injury. He suffered a lumbar sprain which should have healed within twelve weeks. He found indications that Mr. Parker's current symptoms are the result of degenerative/discogenic pain but could not say whether the conditions developed before or after the compensable injury. He again found that the current medications were not necessary for the treatment of the compensable injury.

Dr. Franz disagreed with Dr. Kaplan's opinion in a January 17, 2013, letter. He stated that Mr. Parker suffers from chronic low back pain as the result of his compensable injury and has done relatively well on a combination of medications that allow him to remain free of narcotic use. He has passed all malingering tests and shows no evidence of symptom magnification. Dr. Franz noted that Mr. Parker also suffers from depression because he is unable to work and has therefore been placed on Sertraline. Both Tramadol and Sertraline are necessary for his daily activities of living.

On January 7, 2013, the claims administrator ordered that Mr. Parker be weaned and tapered from the medications Tramadol and Sertraline. The medications were authorized for another sixty days only. The Office of Judges affirmed the decision insofar as it denied further authorization of the medication Sertraline. It found no indication in the record that there are any compensable psychiatric diagnoses in this claim. It was determined that Dr. Franz requested authorization for Sertraline to treat Mr. Parker's depression, which is not a compensable component of the claim, and further authorization of the medication was therefore properly denied.

The Office of Judges reversed the claims administrator's decision insofar as it denied further authorization of Tramadol. The Office of Judges found that Dr. Franz, Mr. Parker's treating physician, opined that Tramadol is necessary in order for Mr. Parker to maintain his activities of daily living. Also, the medication allows him to remain narcotic free. In contrast, Dr. Kaplan, an independent medical evaluator who examined Mr. Parker twice, found that his complaints are not related to his compensable injury and recommended that no further treatment be authorized. The Office of Judges concluded that Dr. Franz has treated Mr. Parker for over fifteen years and is therefore in a better position to properly assess his treatment needs in regard to his compensable injury. The Office of Judges therefore held that the medication Tramadol was reasonable and necessary and should continue to be authorized. The Board of Review adopted

the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 23, 2013, decision.

On appeal, the West Virginia Office of the Insurance Commissioner argues that Sertraline is for the treatment of depression, which is not a compensable component of the claim. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The medication Sertraline is not for the treatment of a compensable condition and is therefore denied. However, Tramadol was requested by Mr. Parker's treating physician and is medically necessary and reasonably required to treat his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II